**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID VASQUEZ VASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, U.S. ATTORNEY GENERAL,<br><br>Respondent. | No. 21-892<br><br>Agency No.    A205-713-068<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2023[**]
Pasadena, California

Before: LEE, BRESS, MENDOZA, Circuit Judges.

David Vasquez Vasquez (Vasquez), a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his applications for cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We dismiss the petition in part and deny it in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

part.

1.	We lack jurisdiction over Vasquez's challenge to the BIA's denial of cancellation of removal because Vasquez advances no colorable legal or constitutional claims. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) ("[A] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." (quotation omitted)). The BIA denied Vasquez's application as a matter of overall discretion, and Vasquez raises no specific challenge to this finding, let alone a colorable legal or constitutional claim.

2.	We review denials of asylum and withholding of removal for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). Under that standard, we "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Substantial evidence supports the BIA's denial of asylum and withholding of removal.

To be eligible for asylum, Vasquez must demonstrate a "likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma*, 9 F.4th at 1059 (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, he must show a "clear probability" of such harm. *Id.* (quotation omitted).

The BIA denied Vasquez's asylum application as untimely, and Vasquez has not challenged that determination in his petition for review. *See* 8 U.S.C. § 1158(a)(2)(B) (alien must "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States."); *Al Ramahi v. Holder*, 725 F.3d 1133, 1134–35 (9th Cir. 2013) (discussing one-year time limit on asylum applications). This is dispositive of Vasquez's asylum application. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (issues not raised in the opening brief are waived).

The BIA also denied asylum and withholding of removal on the ground that Vasquez's proposed social group was not cognizable. Vasquez proposed the following social group:

> Americanized Mexican fathers returning to Mexico with at least one U.S. citizen child at direct risk for kidnapping or violence by illegal drug cartels or other criminals due to 1) opposition to drug cartel and criminal activity, and 2) affirmative steps taken to combat illegal drug cartel and criminal activity.

The BIA determined that this social group was circularly defined by the harm Vasquez fears (i.e., violence or kidnapping in Mexico). Such circularity is impermissible under longstanding BIA precedent. *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 236 n.11 (B.I.A. 2014); *see also Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1080 (9th Cir. 2020) (discussing the "well-established principle that a particular social group must exist independently of the harm asserted"). Vasquez does not challenge this finding in his petition, which is independently dispositive of his applications for asylum and withholding of removal.

3

Finally, the BIA also concluded that Vasquez had not shown that his proposed social group is viewed as socially distinct within Mexican society. A particular social group is cognizable only if it is "sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons." *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1091 (9th Cir. 2013) (en banc) (quotation omitted). Because Vasquez presented no evidence to support such a finding, the record does not "compel[] a . . . conclusion" contrary to that of the BIA. *Duran-Rodriguez*, 918 F.3d at 1028.

3. Substantial evidence supports the BIA's denial of CAT relief. *Sharma*, 9 F.4th at 1066 (standard of review). "To qualify for CAT relief, a petitioner must show that [he] more likely than not will be tortured if [he] is removed to [his] native country." *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). In this case, Vasquez presented no evidence that he was tortured in Mexico or that he would be tortured if he returned there. Because Vasquez referred only to generalized violence in Mexico, substantial evidence supports the BIA's denial of CAT relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (explaining that "Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient" to meet the standard for CAT relief).

**DISMISSED in part and DENIED in part.**[1]

---

[1] Petitioner's motion for stay of removal is denied as moot.